JOHN C. VARNER, plaintiff in error, *vs.* JAMES S. BOYNTON *et al.*, defendants in error.

1. Where, in a marriage settlement, certain property was settled upon the wife for life, remainder to the husband for life, remainder to the heirs general of the husband:

*Held,* That the husband took a vested remainder in fee.

2. That where the husband, with the consent of his wife, invested a portion of the estate so conveyed in real estate, taking from the vendor a bond for titles, his heirs-at-law have no right to follow the proceeds to the injury of the vendor, a portion of whose debt is still unpaid.

3. Where the husband has diverted a portion of the income of the trust estate, and invested the same, without the consent of the wife, in real estate, and subsequently, with her consent, invested a portion of the *corpus* of the estate, in the same real estate, the heirs-at-law of the husband have no right in the remainder of the *corpus*, as against the right of the wife to be reimbursed for so much of the increase as was so diverted and invested.

Marriage settlement. Separate estate. Remainder. Before Judge GREEN. Butts county. At Chambers. February 16th, 1872.

John C. Varner filed his bill, containing, substantially, the following allegations, to-wit: That Cynthia H. Varner, prior

Varner *vs.* Boynton *et al.*

to her marriage with Edward Varner, was the widow of John Byram, and as such was possessed, in her own right, of property amounting to $15,000, or other large sum; that said widow, in the year 1823, married Edward Varner, having previous to the performance of the marriage ceremony, entered into a contract with her said intended husband, by which it was agreed that all the property of the said Cynthia H. should remain and be her separate estate for and during her natural life, but after her death to go to the said Edward Varner, for his lifetime, and after his death, to the said Edward's heirs generally; that one Jackson Fitzpatrick was appointed trustee for said property and took charge of the same, permitting the parties aforesaid to remain in the possession, use and enjoyment of said trust estate; that, in the year 1849, three children of said marriage had arrived at the age of twenty-one years, to-wit: Jefferson M., Andrew J. and Clinton L. Varner; that complainant, also a child of said marriage, was a minor; that complainant's three brothers, in the year last aforesaid, purchased of one Henry Dillon, since deceased, a certain lot of land in said county of Butts, within the Indian Spring Reserve, with valuable improvements thereon, upon the following terms, to-wit: $3,000, to be paid January 1st, 1850; two notes for $2,000 each, the first due December 25th, 1850, and the second, December 25th, 1851; that Edward Varner became security for the payment of said sums, as per contract; that said Edward, without the knowledge or consent of said Cynthia H. Varner, made the first payment of $3,000 out of the funds of the aforesaid trust estate; that it was contracted between the said Dillon and Andrew J., Jefferson M. and Clinton L. Varner that if the last payments due upon said purchase were not promptly met, said Dillon was to retain all previous payments as rent, and also the right to re-enter; that Cynthia H., discovering how much of her trust estate was vested in said property, deemed it advisable to prevent a forfeiture of the payments already made, by meeting the last notes as they became due out of the same fund; that in this way $5,500 of

the separate trust estate of Cynthia H. was invested in said property; that said Cynthia H. and her said sons, the purchasers of said property, entered into an agreement by which it was contracted that said purchase, to the extent of the investment of the said Cynthia H., should be her separate property, subject to the limitations and remainders mentioned in said marriage contract; that said Edward, Andrew J., Clinton L. and Jefferson M. Varner became insolvent, and judgments to a large amount were recovered against them; that said Cynthia H., by her next friend, her said trustee having died, filed her bill to March Term, 1859, of Butts Superior Court, asking that said property, to the extent of her investment in the same of her separate estate, might be decreed to be her separate trust property, and that the judgments aforesaid might be perpetually enjoined from selling the same; that, at the September Term, 1871, of said Court, it was decreed that all payments which had been made upon said property, amounting to $7,000, had been out of the separate property of the said Cynthia H., and that said property be vested in her; that James S. Boynton, as administrator of said Henry Dillon, filed his bill to the September Term, 1870, of Butts Superior Court, against said Cynthia H. and Josephine Varner, as administratrix of Andrew J. Varner and Jefferson M. Varner, (both of whom had previously died,) to enforce a vendor's lien in favor of the estate of said Henry Dillon for the unpaid purchase money on said real estate before described; that, at the September Term, 1871, of said Court, James S. Boynton, administrator, obtained a decree for $2,000, as the balance of the purchase money due to the following effect; that said lots are bound to pay said sum of money before any other lien or debt, that all the balance of said purchase money had been paid with funds belonging to the separate estate of said Cynthia H., that said lots and improvements be sold at public outcry, on the premises, at Indian Springs, by Robert P. Trippe, Esq., and James S. Boynton, as commissioners. That said Cynthia H. has attained to the age of seventy-five years, and is too old and too feeble to attend to any kind of busi-

Varner *vs.* Boynton *et al.*

ness; that her daughter, Josephine Varner, a woman of more than ordinary intellect, will and energy, has obtained absolute control and dominion over her, in all respects, and by whose influence and direction the said decree in favor of the said James S. Boynton, administrator, was consented to on the part of the said Cynthia H., there being, at that time, no such amount due as $2,000 to the estate of said Dillon; that complainant as one of the heirs-at-law of Edward Varner, deceased, and as a remainderman, is interested in the trust property so sought to be sold, and in which it has been decreed and found that the trust estate of said Cynthia H. is interested to the amount of $7,000, and, though complainant was a resident of said county of Butts, he had no knowledge of said decree, nor was he made a party defendant to said suit; that said Josephine Varner, having complete control of her said mother, is colluding with said Boynton, as administrator, as aforesaid, to secure to herself all of the aforesaid property, to the exclusion of the other remaindermen; that said Josephine has publicly boasted that such was her intention; that the investment of the trust property of said Cynthia H. should first have been decreed to be refunded to her, or to a trustee appointed by the Court, before the said claim of the said estate of Dillon should have been allowed; that Dillon, when in life, and his executor, after his decease, received the payments upon said property aforesaid, with a full knowledge that the same came from the separate estate of said Cynthia H.: prayer, that a trustee or receiver may be appointed for said property to litigate and defend, not only the rights of the said Cynthia H., but also more especially of your orator and the other remaindermen; that the same may be preserved and protected for the support and maintenance of the said Cynthia H., during her life, and the interest of complainant, as a remainderman, after her death; that the decree in favor of James S. Boynton, administrator, be vacated; that a trustee be appointed to represent said separate estate; that in case said property should be sold under said decree, that the proceeds thereof may be impounded, subject

to the further order and decree of the Court; that the aforesaid sale be enjoined until the further order of the Court; complainant waives discovery.

The bill was presented to Judge Greene who issued a rule *nisi* requiring defendant to show cause why an injunction should not issue in accordance with the prayer of the bill.

Upon the hearing the affidavit of James S. Boynton, administrator as aforesaid, was read, to the effect, that after allowing all credits there was still due on the execution in favor of Dillon's estate against J. M. Varner, A. J. Varner, and Clinton L. Varner, makers, and Edward Varner, security, the sum of $4,500; that the decree was taken for $2,000 only, by way of compromise, and at the earnest solicitation of counsel for defendant, thus knocking off $2,500; that the property will not sell for more than from $3,500 to $4,000.

The injunction was refused, and plaintiff in error excepted, and assigns said ruling as error.

SPEER & STEWART; PEEPLES & HOWELL, for plaintiff in error.

JAMES S. BOYNTON; R. P. TRIPPE, represented by JOHN J. FLOYD, for defendants.

McCAY, Judge.

The language in which this deed undertakes to pass a remainder over, after the death of the husband, is so exactly within the rule in Shelley's case, that it presents no difficulty. That rule, in substance, is simply this: that whenever there is an estate for life and remainder over, to the heirs of the first taker, the estate is absolute in the first taker, since an estate to a man for life and then to his heirs, is the largest estate one can have in land. The use of the word heirs general can make no difference. If the word "general" has any meaning, it is only that no particular heirs are meant, and this would be the meaning if only the word heirs was used.

It follows, therefore, that at the death of the wife, the husband took a fee in this property. His heirs had no interest in it, except as his legal heirs; they took nothing under the deed, more than that interest which every man's heirs have in the property he has an absolute title to, to-wit: the right to inherit if he dies intestate. This right, however, is a mere expectancy since no man has heirs whilst he lives. Whatever disposition, therefore, this husband made of this property was a disposition he had a right to make, so far as his heirs are concerned. During the life of the wife, his power over the property was limited by her rights, but at her death, under the deed, his dominion over it was absolute. During the life of the wife her assent to any act of his would bind her, even as to her life estate; and though any act of his during her life would not bind her, unless she assented to it, yet, such an act, though illegal as to her, would bind these plaintiffs. They can only stand in the shoes of their father. They are not the heirs of their mother. At her death her husband inherited her rights, and if they ever came to these plaintiffs they came through their father to them. They have no rights in this property, except as the heirs-at-law of their father. If he committed any wrong to the mother's rights, at her death he fell heir to any cause of action she had for that wrong. If there was a cause of action against him he fell heir to that, and, as a matter of course, it ceased on his accession to the right. For it is a rule, as well as law, as of common sense, that a man cannot have a right of action against himself. The question here, then, is simply this: did the husband misappropriate any of this trust estate during the life of his wife? If he did, as he was himself the sole remainderman, he had a right to dispose of it as he pleased. So far as the remainder is concerned, and so far as the life-interest of the wife is concerned, at her death, her rights, whatever they were, fell to him. These plaintiffs have no rights here, except as heirs-at-law of the father. Did he, in his life time, wrong his wife—that is, for her to complain of? His heirs can only stand in his shoes. Had he, during his

life, complained as remainderman, the reply would have been conclusive, you are complaining of your own act. His heirs must stand in his place; they are his privies. Any reply good as to him is good as to them.

Judgment affirmed.